UNITED STATES OF AMERICA

IN THE DISTRICT COURT FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KAYLA KARBACZ,

        Plaintiff,                                   Case No. 26-12107

-v-

STEFANINI, INC.,

        Defendant.

_____/

JOEY S. NISKAR (P55480)
The Niskar Law Firm, PLLC
Attorney for Plaintiff
P.O. Box 252917
West Bloomfield, MI  48325
(248) 702-6262
joey@wrongfullydischarged.com

_____/

**COMPLAINT AND DEMAND FOR JURY TRIAL**

NOW COMES the plaintiff, Kayla Karbacz, by and through her counsel,

The Niskar Law Firm, PLLC, and for her complaint against the defendant

respectfully states unto this Honorable Court as follows:

-1-

### A.  Statement of Jurisdiction and Venue

1.    Plaintiff is a resident of the County of Wayne, State of Michigan.

2.    Defendant, Stefanini, Inc., is a Delawre corporation with North American headquarters located in the City of Southfield, County of Oakland, State of Michigan, which regularly conducts operations within the geographic region constituting the Eastern District of Michigan, Southern Division.

3.    The pertinent events giving rise to this cause of action occurred in whole or substantial part in the County of Oakland, in the State of Michigan, and thus within the Eastern District of Michigan, Southern Division.

4.    As the defendant regularly conducts business in, and all pertinent events giving rise to this action occurred within the Eastern District of Michigan, Southern Division, this Honorable Court possesses personal jurisdiction over defendant, and venue is proper pursuant to 28 USC § 1391 and 42 USC § 12117(a) [adopting by reference 42 USC § 2000e-5(f)(3)].

5.    Plaintiff alleges violations of the Americans with Disabilities Act, 42 U.S.C. § 12101, *et seq*. ("ADA").  Therefore, this Honorable Court possesses original subject matter jurisdiction pursuant to 28 USC § 1331, and 42 USC § 12117(a) [adopting by reference 42 USC § 2000e-5(f)(3)].  This Honorable Court possesses supplemental jurisdiction over plaintiff's state law claims pursuant to 28 USC § 1367.

### B.  Factual Allegations

Plaintiff incorporates all prior averments, as if fully set forth herein.

6.  The defendant is a North American subsidiary of a Brazilian company, Stefanini Consultoria e Assessoria em Informática S.A., which provides provides information technology (I.T.) services to its customers throughout the world, and maintains its headquarters in the City of Southfield, County of Oakland, State of Michigan.

7.  Defendant hired plaintiff in or around June of 2019 to work as a Helpdesk Technician.

8.  Defendant subsequently promoted plaintiff to the position of Team Leader I, which was a supervisory position.

9.  Plaintiff suffers from severe spinal conditions which have substantially limited multiple major life activities including, but not limited to walking, sleeping and toileting.

10.  Plaintiff's spinal conditions, individually or collectively, constitute(s) a disability under each of the Americans with Disabilities Act, 42 USC § 12101, *et seq*. ("ADA") and the Michigan Persons with Disabilities Civil Rights Act, MCL § 37.1101, *et seq* ("PWDCRA").

11.  Plaintiff's Team Leader job was fully remote until approximately February of 2023, at which point defendant mandated that Team Leaders report to work on-site at its Southfield, Michigan, location one day per week. Team

Leaders such as plaintiff continued to work remotely four out of five days per week.

12. All essential job functions of the Team Leader position plaintiff held could be performed remotely, as demonstrated by, *inter alia*, the successful remote performance of the job by plaintiff and others for several years.

13. In or around May of 2023, plaintiff's back condition worsened, which caused plaintiff miss time from work.

14. In or around May 8, 2023, defendant placed plaintiff on a medical leave of absence under the Family & Medical Leave Act, 29 USC § 2601, *et seq*. ("FMLA").

15. On or about July 17, 2023, plaintiff's doctor issued a note extending her leave period to  August 14, 2023.  Plaintiff provided the doctor's note to Defendant.

16. Defendant notified plaintiff that her allotted amount of FMLA leave expired on August 2, 2023.  From plaintiff's doctor note, defendant knew, or should have known, that plaintiff needed additional leave time for her condition above and beyond the amount of leave provided for under the FMLA.

17. Plaintiff inquired into available accommodations defendant was willing to afford her.

18. On or about July 27, 2023, plaintiff notified defendant that she would be needing surgery for her back condition and would need approximately six

-4-

weeks of leave thereafter to recover from the surgery.

19. On or about August 9, 2023, plaintiff provided defendant with a note from her back surgeon stating that plaintiff was scheduled for surgery on August 22, 2023, and would need approximately six weeks of leave thereafter to recover.

20. That day, August 9, 2023, defendant terminated plaintiff's employment for the stated reason of plaintiff's failure to return to work by August 2, 2023.

21. Defendant failed to afford plaintiff the needed additional leave time as an accommodation..

22. In the written notice of termination defendatn issued to plaintiff, defendant stated that plaintiff was permitted to apply for open positions with the company once she was medically able to return to work.

23. Plaintiff underwent her planned surgery on August 22, 2023, and was able to return to work within approximately six weeks of the surgery.

24. Defendant failed to reinstate plaintiff into her job position or an equivalent open job position at or near the time she was able to return to work.

25. Upon being able to return to work, plaintiff applied for multiple open job positions with defendant for which she was qualified.  Defendant refused to hire plaintiff for any of jobs she applied for, despite plaintiff holding the qualifications for each.

26. On May 28, 2024, plaintiff filed a charge of discrimination with the Equal

Employment Opportunity Commission.  Defendant filed a position statement in response to plaintiff's charge on June 28 2024.

27.   Thereafter, on or around February 17, 2025, defendant re-hired plaintiff for an entry-level Helpdesk Technician job.

28.   Thereafter, while plaintiff's EEOC charge was still pending, she sought multiple promotions for available job positions for which she was qualified.

29.   On or about October 27, 2025, defendant terminated plaintiff's employment yet again.

30.   Defendant terminated plaintiff's employment on August 9, 2023 in violation of her rights under the ADA and PWDCRA, and in retaliation for exercising her rights to seek and obtain reasonable accommodation under the ADA and PWDCRA.

31.   Defendant refused to reinstate and/or re-hire plaintiff for the post-termination jobs for which she applied in violation of her rights under the ADA and PWDCRA, and in retaliation for exercising her rights to seek and obtain reasonable accommodation under the ADA and PWDCRA.

32.   Subsequent to plaintiff's re-hire to the entry-level Helpdesk Technician, defendant refused to promote plaintiff to available job positions for which she held the necessary qualifications in violation of her rights under the ADA and PWDCRA, and in retaliation for exercising her rights to seek and obtain reasonable accommodation under the ADA and PWDCRA.

33. Defendant terminated plaintiff's employment on or about October 27, 2025 in violation of her rights under the ADA and PWDCRA, and in retaliation for exercising her rights to seek and obtain reasonable accommodation under the ADA and PWDCRA.

34. Defendant knew, or should have known, that each of the aforementioned employment actions would violate the ADA and/or the PWDCRA.

### C. Count I – Violations of the Americans with Disabilities Act, 42 U.S.C. § 12101, *et seq*. ("ADA") – Disability Discrimination; Failure to Accommodate; and Retaliation

Plaintiff incorporates all prior averments, as if fully set forth herein.

35. At all pertinent times, plaintiff was an "otherwise qualified individual with a disability" as defined and contemplated by 42 USC § 12111(8).

36. Defendant was at all pertinent times an employer of plaintiff within the meaning of 42 USC § 12111(5).

37. At all pertinent times, defendant was subject to the requirements and prohibitions contained within the ADA, specifically including the prohibition against discrimination because of disability, the obligation to provide reasonable accommodation(s), and the prohibition against retaliating against employees who engage in activity protected by the ADA.

38. Plaintiff was qualified for the Team Leader job position she held with defendant, and the other jobs she sought following her initial termination of August 9, 2023

39. Defendant violated the ADA by, and is liable to plaintiff under the ADA

for:

   a. Terminating plaintiff on or about August 9, 2023 because of plaintiff's disability, because defendant regarded plaintiff as having a disability, and/or because plaintiff had a record of having a disability;

   b. Failing to afford and/or allow plaintiff reasonable accommodation(s), including but not limited to a leave of absence, additional leave time beyond the amount afforded under the FMLA, sufficient leave time, and/or remote work;

   c. Terminating plaintiff on or about August 9, 2023 as a consequence of its unlawful failure to afford and/or allow her reasonable accommodation(s);

   d. Failing to timely and properly engage in the mandatory interactive process with plaintiff to determine the existence and nature of one or more needed reasonable accommodations and/or the extent of the needed accommodation(s);

   e. Failing to timely reinstate plaintiff to her pre-leave job position, or a sufficiently equivalent position;

   f. Retaliating against plaintiff by terminating her employment on August 9, 2023 due to plaintiff exercising rights under the ADA and/or engaging in activity protected by the ADA, including but not limited to requesting leave and/or additional leave time as an accommodation and/or the taking of leave as an accommodation; and/or

   g. Retaliating against plaintiff by refusing to re-hire plaintiff for open job positions for which she applied and for which she was qualified due to plaintiff exercising rights under the ADA and/or engaging in activity protected by the ADA, including but not limited to requesting leave and/or additional leave time as an accommodation, and/or taking of leave and/or additional leave as an accommodation;

   h. Refusing to re-hire plaintiff for open job positions for which she applied and for which she was qualified because of her disability, because defendant regarded plaintiff as having a disability, and/or because plaintiff had a record of having a disability;

   i. Subsequent to finally re-hiring plaintiff on or around February 17, 2025, refusing to promote plaintiff in retaliation for exercising rights under the ADA and/or engaging in activity protected by the ADA, including but not limited to requesting reasonable accommodation,

taking leave as an accommodation, and/or for filing a charge of discrimination with the EEOC alleging violations of the ADA;

j.    Terminating plaintiff on or about 10-27-25 in retaliation for exercising rights under the ADA and/or engaging in activity protected by the ADA, including but not limited to requesting reasonable accommodation, taking leave as an accommodation, and/or for filing a charge of discrimination with the EEOC alleging violations of the ADA.

40.    Defendant's violations of the ADA were done with malice and/or reckless indifference plaintiff's rights, thereby entitling plaintiff to punitive damages, in addition to all other damages available at law.

41.    As a direct and proximate result of the defendant's violations of the ADA and the regulations promulgated thereunder, plaintiff has incurred all damages available at law, both past, present and into the future, specifically including all damages provided for in 42 USC § 12117(a), 42 USC § 2000e-5 and 42 USC § 1981a, including but not limited to damages for emotional distress and/or mental anguish, lost wages, lost overtime wages, the value of lost employment benefits, loss of other compensation denied and lost, consequential damages, any incurred medical expenses, interest, costs of litigation, and attorney fees.  Plaintiff hereby seeks recovery of, and is entitled to recovery of, all such damages incurred, and those that will be incurred in the future (including front-pay).

42.    In the event the Court deems reinstatement to be a remedy more appropriate than front-pay for future damages, then plaintiff, in the alternative, hereby seeks an injunctive order compelling defendant to reinstate plaintiff to a

Team Leader or equivalent position (or alternatively to a position equivalent to the last position she held with defendant), compelling defendant to retroactively restore plaintiff's seniority rights and/or opportunities for promotion, declaring that the defendant violated the ADA in the aforementioned ways, enjoining defendant from further violations of the ADA against plaintiff and others, enjoining defendant from taking any adverse employment action against plaintiff in retaliation for exercising her rights under the ADA, and enjoining defendant from taking any adverse employment action against plaintiff except upon a showing of just and good cause by clear and convincing evidence.  Even if the Court orders such reinstatement, plaintiff nevertheless is entitled to recover, and hereby seeks recovery of all other damages listed in this complaint, including damages for emotional distress and/or mental anguish, back-pay, the value of lost benefits, consequential damages, the costs of any medical care, attorney fees, costs, interest, etc.

### D.  Count II – Violations of the Michigan Persons with Disabilities Civil Rights Act, MCL § 37.1101, *et seq*. ("PWDCRA") – Disability Discrimination; Failure to Accommodate; and Retaliation

Plaintiff incorporates all prior averments, as if fully set forth herein.

43.   Plaintiff has at all pertinent times been a person with a disability within the meaning of MCL § 37.1103(g) whose disability qualifies as such under MCL § 37.1103(d).

-10-

44. Defendant was at all pertinent times an employer of plaintiff within the meaning of MCL § 37.1201(b), and is subject to the prohibitions against discrimination on the basis of disability and retaliation contained in the PWDCRA.

45. Defendant violated the PWDCRA by, and is liable to plaintiff under the PWDCRA for:

   a. Terminating plaintiff on or about August 9, 2023 because of plaintiff's disability, because defendant regarded plaintiff as having a disability, and/or because plaintiff had a record of having a disability;

   b. Failing to afford and/or allow plaintiff reasonable accommodation(s), including but not limited to a leave of absence, additional leave time beyond the amount afforded under the FMLA, sufficient leave time, and/or remote work;

   c. Terminating plaintiff on or about August 9, 2023 as a consequence of its unlawful failure to afford and/or allow her reasonable accommodation(s);

   d. Failing to timely and properly engage in the mandatory interactive process with plaintiff to determine the existence and nature of one or more needed reasonable accommodations and/or the extent of the needed accommodation(s);

   e. Failing to timely reinstate plaintiff to her pre-leave job position, or a sufficiently equivalent position;

   f. Retaliating against plaintiff by terminating her employment on August 9, 2023 due to plaintiff exercising rights under the PWDCRA and/or engaging in activity protected by the PWDCRA, including but not limited to requesting leave and/or additional leave time as an accommodation and/or the taking of leave as an accommodation; and/or

   g. Retaliating against plaintiff by refusing to re-hire plaintiff for open job positions for which she applied and for which she was qualified due to plaintiff exercising rights under the PWDCRA and/or engaging in activity protected by the PWDCRA, including but not limited to requesting leave and/or additional leave time as an accommodation, and/or taking of leave and/or additional leave as an accommodation;

   h. Refusing to re-hire plaintiff for open job positions for which she

applied and for which she was qualified because of her disability, because defendant regarded plaintiff as having a disability, and/or because plaintiff had a record of having a disability;

i. Subsequent to finally re-hiring plaintiff on or around February 17, 2025, refusing to promote plaintiff in retaliation for exercising rights under the PWDCRA and/or engaging in activity protected by the A PWDCRA, including but not limited to requesting reasonable accommodation, taking leave as an accommodation, and/or for filing a charge of discrimination with the EEOC;

j. Terminating plaintiff on or about 10-27-25 in retaliation for exercising rights under the PWDCRA and/or engaging in activity protected by the PWDCRA, including but not limited to requesting reasonable accommodation, taking leave as an accommodation, and/or for filing a charge of discrimination with the EEOC.

46. Defendant's violations of the PWDCRA were done with malice and/or reckless indifference to plaintiff' rights, thereby subjecting defendant to exemplary damages, in addition to all other damages available at law.

47. As a direct and proximate result of defendant's violations of the PWDCRA, Plaintiff has suffered emotional distress, mental anguish, pain and suffering, and will continue to suffer such damages into the future.

48. As a direct and proximate result of the defendant's violations of the PWDCRA, plaintiff has incurred all damages available at law, both past, present and into the future, specifically including all damages provided for in the PWDCRA, including but not limited to damages for emotional distress and/or mental anguish, lost wages, lost overtime wages, the value of lost employment benefits, loss of other compensation denied and lost, consequential damages, any incurred medical expenses, interest, costs of

litigation, and attorney fees.  Plaintiff hereby seeks recovery of, and is entitled to recovery of, all such damages incurred, and those that will be incurred in the future (including front-pay).

49.    In the event the Court deems reinstatement to be a remedy more appropriate than front-pay for future damages, then plaintiff, in the alternative, hereby seeks an injunctive order compelling defendant to reinstate plaintiff to a Team Leader or equivalent position (or alternatively to a position equivalent to the last position she held with defendant), compelling defendant to retroactively restore plaintiff's seniority rights and/or opportunities for promotion, declaring that the defendant violated the PWDCRA in the aforementioned ways, enjoining defendant from further violations of the PWDCRA against plaintiff and others, enjoining defendant from taking any adverse employment action against plaintiff in retaliation for exercising her rights under the PWDCRA, and enjoining defendant from taking any adverse employment action against plaintiff except upon a showing of just and good cause by clear and convincing evidence.  Even if the Court orders such reinstatement, plaintiff nevertheless is entitled to recover, and hereby seeks recovery of all other damages listed in this complaint, including damages for emotional distress and/or mental anguish, back-pay, the value of lost benefits, consequential damages, the costs of any medical care, attorney fees, costs, interest, etc.

-13-

WHEREFORE the plaintiff respectfully requests this Honorable Court to enter judgment in his favor, and against the defendant, for all compensatory damages (past and future economic and non-economic damages), punitive damages, and exemplary damages available under the law, as well as all litigation costs, interest, and attorney fees incurred in having to investigate, pursue, litigate and prosecute this claim pursuant to the ADA and the PWDCRA.

Respectfully submitted,

THE NISKAR LAW FIRM, PLLC

By: /s/ Joey S. Niskar
JOEY S. NISKAR (P55480)
Attorney for Plaintiff
P.O. Box 252917
West Bloomfield, MI  48325
(248) 702-6262
joey@wrongfullydischarged.com

Dated:  June 23, 2026

-14-

UNITED STATES OF AMERICA

IN THE DISTRICT COURT FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KAYLA KARBACZ,

               Plaintiff,                             Case No. 26-12107

-v-

STEFANINI, INC.,

               Defendant.

_____/

JOEY S. NISKAR (P55480)
The Niskar Law Firm, PLLC
Attorney for Plaintiff
P.O. Box 252917
West Bloomfield, MI  48325
(248) 702-6262
joey@wrongfullydischarged.com


_____/


## **DEMAND FOR JURY TRIAL**

NOW COMES the plaintiff, Kayla Karbacz, by and through her attorneys,

The Niskar Law Firm, PLLC, and hereby demands a trial by jury on all issues,

claims and defenses in this case.

-15-

Respectfully submitted,

THE NISKAR LAW FIRM, PLLC

By: /s/ Joey S. Niskar
JOEY S. NISKAR (P55480)
Attorney for Plaintiff
P.O. Box 252917
West Bloomfield, MI  48325
(248) 702-6262
joey@wrongfullydischarged.com

Dated:  June 23, 2026

-16-